### ASA S. HATHAWAY *vs.* CITY OF EVERETT.

Middlesex.   January 19, 1910. — February 24, 1910.

Present : KNOWLTON, C. J., HAMMOND, BRALEY, SHELDON, & RUGG, JJ.

*Municipal Corporations.   Public Officers.   Injury to Property by Persons riotously assembled.*

A city is not liable to a person assaulted and robbed by police officers appointed by it.

A city is not liable in an action of tort to a person compelled to pay excessive taxes by reason of an assessment made fraudulently by its assessors.

To make a city liable in an action of tort for property destroyed or injured by persons riotously assembled, the action must be brought under R. L. c. 211, § 8.

TORT against the city of Everett for injuries to the plaintiff's person and damage to his property as the result of acts alleged to have been committed by the defendant's agents and servants. Writ dated March 9, 1908.

In the Superior Court the case came on to be tried before *Sanderson*, J.

After the formal opening of the case by the plaintiff, the judge asked the plaintiff to make an offer of proof of the facts he intended to show and upon which he relied to maintain his action.   In compliance with the judge's request the plaintiff offered to show that on July 16, 1902, a riot took place in the city of Everett; that several persons were engaged in the riot; that there were some police officers engaged in the riot; that those who were engaged in the riot laid hands on the plaintiff and committed robbery from the plaintiff's person by taking from him all of his valuables, which consisted of certain certificates of stocks, his money, and the keys to his house and post office box.

The plaintiff also offered to prove that the assessors of the

city of Everett committed robbery and conspiracy against the plaintiff by making a false assessment of the plaintiff's waste land, and had levied and collected taxes upon and from the plaintiff's waste land by reason of the false and fraudulent assessment made by the assessors of the city of Everett. The plaintiff offered to show and contended that by reason of the collection of those taxes fraudulently assessed the defendant, having derived a benefit therefrom, was liable.

The judge ruled that, if the plaintiff should prove the facts as stated in his offer of proof as to the acts of the assessors of the defendant in respect to the assessment of the plaintiff's property and as to the officers' acts in respect to the alleged assault and riot, the defendant would not thereby become liable to the plaintiff in this action.

It is to be inferred that the judge ordered a verdict for the defendant, although this is not stated in the bill of exceptions. The plaintiff alleged exceptions.

*A. S. Hathaway,* pro se.

*N. P. Brown,* for the defendant, was not called upon.

BRALEY, J. If the plaintiff could have proved the allegations of his declaration, that his premises had been invaded and he had been assaulted and robbed by police officers of the defendant, and that his real estate through a conspiracy of its board of assessors had been excessively overvalued and he had been compelled to pay taxes fraudulently assessed, he would not have established a cause of action against the defendant. Policemen and assessors, when guilty of such wilful wrongdoing, do not act as servants of the city, although they may have been appointed or elected by it, but as public officers, for whose tortious acts the municipality, upon the facts stated in the opening, would not be responsible. *Thayer* v. *Boston,* 19 Pick. 511. *Buttrick* v. *Lowell,* 1 Allen, 172. *Johnson* v. *Somerville,* 195 Mass. 370. *Smith* v. *Gloucester,* 201 Mass. 329. *Alger* v. *Easton,* 119 Mass. 77.

The plaintiff also contended that the defendant was liable in an action of tort for injury to his property caused by persons riotously assembled. But as the declaration contained no count under R. L. c. 211, § 8, the verdict for the defendant was rightly ordered.

*Exceptions overruled.*