## No. 13,737.

### McINTOSH *v.* CITY AND COUNTY OF DENVER.
(55 P. [2d] 1337)

Decided March 16, 1936.

Messrs. HICKS & HICKS, for plaintiff in error.

Mr. TELLER AMMONS, Mr. ROBERT J. KIRSCHWING, for defendant in error.

*En Banc.*

MR. JUSTICE HOLLAND delivered the opinion of the court.

ON the second day of December, 1931, J. A. McIntosh, while at police headquarters in the city and county of Denver, was arrested by police officers, placed in jail, and after sixty-six hours of incarceration therein, was taken before the police court of the City and County of Denver, charged with vagrancy, carrying concealed weapons and impersonating an officer. He there was found guilty and fined $50 and costs on each charge. Upon appeal to the county court, on January 15, 1932, he was tried to the court without a jury on the charge of vagrancy, adjudged guilty and sentenced to serve a term of thirty days in the county jail. This judgment was

reviewed by this court upon application for supersedeas and in reversing the judgment we said: "We find, after a painstaking examination of the record, that the evidence is wholly insufficient to sustain the charge." *McIntosh v. City and County of Denver*, 92 Colo. 301, 19 P. (2d) 753. Thereafter McIntosh filed his complaint in the district court against the City and County of Denver for damages for malicious prosecution. The substance of the complaint is in effect that the police officers, the police judge, the deputy warden of the county jail and the members of the legal department of the City and County of Denver wantonly and maliciously arrested, imprisoned and prosecuted him without probable cause. To this complaint the city filed its demurrer which was sustained by the court upon the general ground that the city was not liable for the acts of the officers and employees as alleged. McIntosh elected to stand and now seeks a reversal of the order of the district court dismissing his complaint.

McIntosh contends that the city is liable in that this is an action for malicious prosecution, and that the sufficiency of the complaint is not to be determined under the rule that cities and towns are not responsible for the negligent acts of their public officers in the execution of governmental authority, and he seems to rely upon the alleged fact that this is not an action based on negligence.

To sustain an action for malicious prosecution, malice and want of probable cause must concur. To sustain his contention that there was want of probable cause, McIntosh relies upon the reversal by this court of the conviction in the vagrancy case. That does not establish want of probable cause. Probable cause for arrest may exist without sufficient evidence to sustain a charge based thereon. The finding of this court is to the effect only that the evidence in the case was wholly insufficient to sustain the charge. Malicious prosecution is a wanton prosecution with a deliberate intent to injure the party prosecuted. It is an intentional wrongful prosecution

without just cause or excuse. The city is a corporate entity, an artificial being, and as such could entertain no malicious intent. The officers appointed by it are quasi civil officers of the government. Their duties did not alone lie in the line of special or private activities or interests of the municipal corporation, but were such as were connected with the preservation of the public peace. They can in no sense be regarded as agents of the city when their duties are of a public nature. For convenience of government, their appointment and general regulation are delegated to the city, but their powers and duties are derived from the law, and, if such officers are acting in their public capacity, even though it is for the enforcement of an ordinance of the city, they are not the agents or servants of the city, but are acting in the interest of the public in its plan of civil government. The relation of principal and agent under such circumstances does not exist, and the city therefore is not liable for their acts. If the acts of such officers are wrongful, the responsibility rests with the officer and not with the city. The city, in its corporate capacity, could receive no benefit from the acts of which complaint is here made, and it is only when it acts through its agents in its corporate capacity that it is answerable to a person injured through the negligence or misdirection of its servants, and this cloak of protection is not withdrawn, even for the benefit of an injured person, when the city acts in its governmental capacity.

The police officers were acting under an admitted authority, and the other employees or officials of the city likewise were performing their authorized duties to the public. In such circumstances, the current authority is to the effect that while functioning, the city is not liable for any of their acts.

The judgment is affirmed.