MARTHA LENNEN AND FREDERICK SCHNEIDER, PLAINTIFFS-APPELLEES, v. THE TOWN OF BELLEVILLE, A MUNICIPAL CORPORATION, DEFENDANT-APPELLANT. AND GEORGE A. FITZSIMMONS, DEFENDANT.

Submitted January 19, 1937—Decided February 5, 1937.

Before Justices Trenchard, Bodine and Heiler.

For the defendant-appellant, *Hobart & Minard* (*George S. Hobart* and *John J. Gaffey*).

For the plaintiffs-appellees, *Pesin & Pesin* (*Meyer Pesin*).

Bodine, J.  The town of Belleville appeals from a judgment obtained against it in the District Court.  The town recorder converted $500 deposited in lieu of bail, and this action was brought by the depositor to recover the same—the obligation so secured having been performed.  It appears that a criminal action was instituted by the divorced wife of Frederick Schneider, who was arrested on April 13th, 1928, and brought before the town recorder charged with a violation of section 73a of the Crimes act (2 *Comp. Stat., p.* 1770), which makes it a misdemeanor for any husband or father to willfully refuse and neglect to provide for the maintenance of his minor children.  The recorder did not hold Schneider to await the action of the grand jury but heard the case and made an order that Schneider pay his wife $10 a week for the support of their children, and to secure this payment he ordered the deposit of $500 in cash.  Schneider, unable to pay the same, was committed to the Essex county jail until his sister, plaintiff in the present action, deposited the $500 with the recorder, which he forthwith converted to his own use, and for which he was convicted in the criminal court.

Secton 25 of the Criminal Procedure act (2 *Comp. Stat., p.* 1828), permits "every judge of the Court of Quarter Sessions and every magistrate who shall let any person to bail" to accept "cash money in lieu of surety on the recognizance of any person bailed," and provides that, "in case any such recognizor shall not appear according to the conditions of his recognizance, the money so paid into court in lieu of surety on said recognizance shall be forfeited and paid to the sheriff of the county in which such bail was taken, and be by him disposed of as if recovered on a judgment and execution on forfeited recognizance on which surety had been taken * * *."

Upon the deposit of the cash in this case in lieu of bail, the town was not presently or in the future entitled to anything. The magistrate held the money in trust to return it to the defendant in the criminal proceedings, irrespective of who deposited the money, if by reason of performance in accordance with the terms of the deposit he became entitled thereto. *Doane* v. *Dalrymple,* 79 *N. J. L.* 200. If we assume that the county became entitled to the money as upon a forfeiture, the magistrate would be under a duty to pay it over to the county and not to the municipality.

The recorder was a judicial officer vested with the power conferred by law in criminal matters upon a justice of the peace, or a police court judge. *Pamph. L.* 1921, *p.* 503. He was a public officer and not a servant or agent of the municipality for whose wrongful act liability might arise under the doctrine of *respondeat superior.* *Valentine* v. *Englewood,* 76 *N. J. L.* 509; *Allas* v. *Rumson,* 115 *Id.* 593.

If the recorder had no power to exact the bail there could be no recovery. *Calaway* v. *Belleville,* 116 *N. J. L.* 377. However, if the exaction was legal the act was the act of a judicial officer, not a servant and employe of the municipality for which no liability would attach to the municipality.

In short, we can see no way by which a municipality may be obligated to pay for an action of one not its agent and servant, when it received no benefit and could receive none.

The judgment is reversed.