E. B. BLACK ET AL. V. OMER BAKER.

No. 6985.   Decided January 5, 1938.
(111 S. W., 2d Series, 706.)

*Travis M. Dameron* and *W. H. Russell,* both of Hereford, for plaintiffs in error.

It was error for the Court of Civil Appeals to hold that the City of Hereford and its mayor were not acting in a governmental capacity at the time the city filed its original suit and had a writ of attachment issued upon Baker's property. 30 Tex. Jur. 523, 533; 43 C. J. 973; Simmons Hardware Co. v. St. Louis, 192 S. W. 394.

*Carl Gilliland* and *James C. Gilliland,* both of Hereford, for defendant in error.

That the suing out and levying of the writ of attachment was wrongful, and without probable cause, and constituted a conversion and the city was liable in both actual and exemplary damages. Frank v. Tatum, 26 S. W. 900; Wallace v. Finberg, 46 Texas 35.

MR. JUDGE GERMAN delivered the opinion of the Commission of Appeals, Section A.

This action was brought by Omer Baker and wife in the district court of Deaf Smith County against the City of Hereford and E. B. Black for conversion of personal property of the alleged value of $3,795.25. At the time of the alleged conversion

Black was mayor of the City of Hereford, but he was sued in his individual capacity. The city, after making answer to plaintiffs' cause of action, filed a cross action seeking to recover of plaintiffs certain taxes due the city, and to foreclose a lien upon certain personal property, being in part the property alleged by plaintiffs to have been converted. The trial court at conclusion of the testimony instructed a verdict in favor of the defendants and against plaintiffs, in so far as their action for conversion was concerned. Apparently no proof was offered by the city as regards the taxes claimed by it, and the court in entering judgment decreed that the city take nothing on its cross action. The plaintiffs appealed, but the city did not. The Court of Civil Appeals reversed and remanded the cause as to plaintiffs' action upon the alleged conversion. 83 S. W. (2d) 811.

The facts relied upon by plaintiffs to constitute a conversion are substantially as follows:

On February 16, 1932, suit was filed in the County Court of Deaf Smith County in the name of the City of Hereford against plaintiffs to recover the sum of $170.21, alleged to be due the city as taxes, interest, penalties, etc., for the years 1925 to 1932, inclusive. The petition in that suit was in the name of the city and was signed on behalf of the city by an attorney who (we will assume) was the regular city attorney of the City of Hereford, although this is not shown by the petition. The city also sought to foreclose a tax lien upon certain personal property situated in the Stockman's Cafe, which property was owned by Baker and wife, and was being used by Mrs. Waldrop in conducting a cafe business in the building leased from a Mr. Moseley.

On the date of the filing of the petition mentioned, E. B. Black, the mayor of the city, made affidavit and executed bond, and a writ of attachment was issued and was levied by the constable of the Hereford precinct upon a part of the personal property belonging to plaintiffs and used in the cafe business conducted by Mrs. Waldrop. The officer executing the writ secured the keys, locked the building, and the business being conducted by Mrs. Waldrop was suspended. On April 1st thereafter plaintiffs herein on motion filed in the county court obtained a judgment quashing the affidavit and bond and dissolving the writ of attachment. On the same day the city dismissed the attachment proceedings, and some months later dismissed the tax suit on the docket of the county court. It appears to be undisputed that on the day the writ of attachment was dissolved, the officer who had executed the writ, at the suggestion of E. B. Black, the mayor, tendered to plaintiff Omer Baker the keys to

the building where the property was situated. Baker refused to accept the keys or to have anything to do with the property. Presumably this was done because Baker intended to contend and was contending that the original levy of the writ and the locking of the building constituted a conversion.

It appears that the attachment above mentioned was quashed because of various defects and omissions in the affidavit and bond. It is claimed, however, by plaintiffs in the present action that the attachment was unlawfully issued because the affidavit was false wherein it charged that the defendant was about to dispose of his property with intent to defraud his creditors.

As we construe plaintiffs' pleadings, they base their claim of conversion on the contentions that the defendants obtained possession of their property by means of a wrongful, or defective, writ of attachment, which possession was taken by locking the door to the premises in which the property was situated, and by excluding the plaintiffs and their lessee from possession; and that the tender of the keys to the premises immediately after quashing of the attachment was not a sufficient surrender and restoration of the property as provided by Article 303 of the Revised Statutes of 1925. They also apparently contend that the conversion was complete when the attachment writ was levied and the door of the building locked, resulting in the exclusion of plaintiffs and their lessee from possession; and that by the tender made after quashing of the attachment liability could not be avoided.

■ So far as the City of Hereford is concerned, we shall proceed upon the theory that the attachment was wrongfully sued out, and that the writ was also defective and subject to be quashed because of such defects. We shall also proceed upon the assumption that there was a conversion, and that this conversion took place at the time of the levy of the writ and the locking of the building, and therefore the subsequent tender of the keys was ineffectual to prevent liability for conversion. Assuming, without deciding, that these things were true, we do not think the city was liable.

■ In the first place, it was not alleged or proved that the mayor of the city, in ordering the suit filed and in procuring writ of attachment to issue, was authorized to do so by any formal action of the city council, in the manner and by such formalities as are required by law; even if the council could have lawfully ordered collection of taxes by the mayor in this manner. At the most, the testimony only tended to show that one or more of the city commissioners talked with the mayor, and it was

informally understood that he would take action to collect delinquent taxes. He was in no way formally authorized to make affidavit and execute bond, and to proceed by way of attachment. His actions in this respect were without authority and could not bind the city so as to make it liable for his torts. City of Galveston v. Brown, 28 Texas Civ. App. 274, 67 S. W. 156.

■ In the next place, it is a principle written into the very structure of all municipal governments that a city is not liable for torts of its officials in the performance of public or governmental duties. City of San Angelo v. Deutsch, 126 Texas 532, 91 S. W. (2d) 308; City of Wichita Falls v. Robinson, 121 Texas 133, 46 S. W. (2d) 965. The collection of taxes is undoubtedly one of the "highest and most characteristic of the governmental functions of municipal corporations," and liability for wrongs committed by city officials in an attempted exercise of that power, even under void process, can not be enforced against the city. City of San Angelo v. Deutsch, supra; Simmons Hardware Co. v. City of St. Louis, (Mo.) 192 S. W. 394; Plunkett's School for Boys v. City of Thomasville, 178 Ga. 625, 173 S. E. 656. In this last case the court said: "The collection of a property tax by a municipality under its charter powers is a governmental function; and being so, the city is not liable in damages for the act of the municipal officers in levying an execution on the property for such taxes, even if the acts of the officers in so levying amount to a trespass." Numerous authorities are cited in support of this holding.

For analogous cases see the following: City of Desdemona v. Wilhite, 297 S. W. 874; Connelly v. City of Sedalia, 2 S. W. (2d) 632; Brown v. City of Union Point, 183 S. E. 78; Lennen v. Town of Belleville, 117 N. J. L. 456, 189 Atl. 652; Leech v. Dinsmore et al., 65 Pac. (2d) 1369; Doyle v. City of Sandpoint, 18 Idaho 654, 112 Pac. 204; Hathaway v. City of Everett, 205 Mass. 246, 91 N. E. 296; Auger v. City of New Bedford, 265 Mass. 327, 163 N. E. 873.

■ We are of the opinion, however, that the petition alleged a cause of action against defendant Black individually, and there was sufficient proof to carry the case to the jury. As pointed out above, there was no formal action by the city council authorizing the mayor to collect taxes by suit and attachment. Besides, the collection of taxes is a duty imposed by law primarily upon the tax collector. The statute furnishes a summary remedy for collection of taxes by the tax collector upon personal property. Article 1060, Revised Statutes, 1925. We need not here decide whether or not this method of enforcement is exclusive as to

the tax collector. See Mission Independent School District v. Armstrong, (Com. App.) 222 S. W. 201, and Cassidy Southwestern Commission Co. v. Duval County, (Com. App.) 3 S. W. (2d) 416. It is obvious, however, that this method, in light of other provisions making it the duty of the tax collector to collect taxes, negatives the right of the mayor of a city to institute attachment proceedings by directing filing of suit, making affidavit, executing bond, and obtaining levy of writ of attachment.

It is well settled that an officer of a city who acts wholly without authority of law may become personally liable for his torts. Harrison v. City of Columbus, 44 Texas 418; City of Galveston v. Brown, supra; City of Desdemona v. Wilhite, supra; Faust v. Pope, 132 Mo. App. 287, 111 S. W. 878; 43 Corpus Juris, p. 715, note 25.

The judgment of the Court of Civil Appeals as to City of Hereford is hereby reversed and the judgment of the trial court as to it is affirmed. The judgment of the Court of Civil Appeals reversing and remanding the case as to E. B. Black is affirmed.

Opinion adopted by the Supreme Court January 5, 1938.