120

## SAVAGE v. DISTRICT OF COLUMBIA.
### No. 473.

Municipal Court of Appeals for the

District of Columbia.
March 18, 1947.

Rehearing Denied March 31, 1947.

John A. Savage pro se.

Chester H. Gray, Principal Asst. Corporation Counsel, of Washington, D. C. (Vernon E. West, Corporation Counsel, and Henry E. Wixon, Asst. Corporation Counsel, both of Washington, D. C., on the brief), for appellee.

Before CAYTON, Chief Judge, and HOOD and CLAGETT, Associate Judges.

CAYTON, Chief Judge.

Appellant filed a complaint in the trial court naming as defendants two police officers, Henry H. Miller and Peter M. Zazanis, the District of Columbia, and Frederick F. and Mary G. Hundley. He charged that he had been in lawful possession of certain premises and had some personal property therein; that Miller and Zazanis, members of the District of Columbia Police Department and "agents for the said District of Columbia" forcibly broke open the basement door of the premises and placed the Hundleys in possession of the house and its contents, including plaintiff's property; that defendants Hundley thereupon barred plaintiff from the house and from possession of his property. The complaint also alleged that plaintiff requested the two officers to remove the Hundleys from the premises and to restore possession of the premises and property to him, and that though he had repeatedly requested the Hundleys to allow him possession of his property and "has repeatedly requested the defendant the District of Columbia, through its agents the Commissioners, and other agents, to attempt to effect such said restoration, all of the said defendants have failed and refused to make such restoration." He claimed damages in the sum of $2,300.

The District of Columbia moved to dismiss on the ground that the complaint stated no cause of action against it. The motion was granted and plaintiff brought the case here for review. The liability of the police officers and of the other defendants is not involved on this appeal. We are concerned only with the liability of the Dis-

trict of Columbia. This presents two questions for our decision: (1) whether a governmental function was involved, and (2) whether there was a "ratification" by the District of Columbia of the conduct of the police officers, so as to render it liable.

■ 1. We think there is no question that in maintaining a police department the District of Columbia is engaged in a governmental function. Such was the rule at common law, and it has not been changed by statute or judicial decision in this jurisdiction. And elsewhere, by the weight of authority in tort actions, the rule prevails.[1] "Police officers are in nowise agents of a municipal corporation. They act in the public interest and the city is not responsible for their torts * * *."[2] Therefore if these officers committed a trespass upon the property of plaintiff they were not furthering the strictly corporate or proprietary interests of the District. Nor were they "representing" the local government so as to make the municipality answerable in damages, either under the theory of respondeat superior[3] or under any other theory of agency.

Appellant relies heavily upon District of Columbia v. Totten, 55 App.D.C. 312, 5 F. 2d 374, 40 A.L.R. 1461, certiorari denied 269 U.S. 562, 46 S.Ct. 21, 70 L.Ed. 412. But in that case the court was dealing with the liability of the District for the commission of a nuisance in the performance of a governmental function. An entirely different question is involved here. Moreover, the court in its decision left no doubt that the District is not liable in damages to one "who is injured by the negligence of a servant, officer, or employee of the municipality while it is engaged in the performance of a governmental function."

■ 2. Appellant contends that because the corporation counsel represented the police officers in the trial court, the District of Columbia must be held to have ratified the officers' torts. We disagree. The fact, without more, that the District of Columbia authorized its corporation counsel to defend the police officers in court cannot be construed to be a ratification.[4] Indeed it has been held that a municipality is without power to ratify the unlawful acts of its subordinates done in pursuance of its purely governmental functions.[5]

Affirmed.

---

[1] Brush v. Commissioner of Internal Revenue, 300 U.S. 352, 57 S.Ct. 495, 81 L.Ed. 691, 108 A.L.R. 1428; Trescott v. City of Waterloo, C.C., N.D.Iowa, E.D., 26 F. 592; Hathaway v. City of Everett, 205 Mass. 246, 91 N.E. 296, 137 Am. St.Rep. 436; McIntosh v. Denver, 98 Colo. 403, 55 P.2d 1337, 103 A.L.R. 1509; 89 P. 714, 12 L.R.A.,N.S., 537, 3 Ann. Cas. 1016; Tzatzken v. City of Detroit, 226 Mich. 603, 198 N.W. 214. See also Indian Motorcycle Co. v. United States, 283 U.S. 570, 51 S.Ct. 601, 75 L.Ed. 1277; McQuillin Municipal Corporations, 2d Ed., Secs. 2591, 2837.

[2] Giordano v. City of Asbury Park, 3 ▮▮▮

Cir., 91 F.2d 455, 457, certiorari denied 302 U.S. 745, 58 S.Ct. 267, 82 L.Ed. 576, rehearing denied 302 U.S. 779, 58 S.Ct. 363, 82 L.Ed. 602.

[3] Grumbine v. Mayor, Board of Aldermen, etc., 2 MacArthur 578, 29 Am.Rep. 626; Clark v. Atlantic City, C.C., D.N. J., 180 F. 598.

[4] Buttrick v. City of Lowell, 1 Allen, Mass., 172, 79 Am.Dec. 721.

[5] Davis v. City of Rome, 23 Ga.App. 188, 98 S.E. 231; Calwell v. Boone, 51 Iowa 687, 2 N.W. 614, 33 Am.Rep. 154; Peters v. Lindsborg, 40 Kan. 654, 20 P. 490.