QUESTION: May a city providing fire protection to an unincorporated area of the county collect from insurance companies doing business in that area the excise tax on premiums collected by such companies on policies covering property in that area under s. 175.101, F.S.?
SUMMARY: A municipality providing fire protection services to areas outside its corporate boundaries may not impose an excise tax under Ch. 175, F.S., upon the gross premiums collected by insurance companies on policies covering property in such areas. Section 175.101, supra, in pertinent part provides that: Each municipality in this state described and classified in s. 175.041, having a lawfully established municipal firemen's pension trust fund or municipal fund providing pension benefits to firemen by whatever name known, may assess and impose on every insurance company . . . an excise or license tax in addition to any lawful license or excise tax now levied by each of the said municipalities, respectively, amounting to two percent of the gross amount of receipts of premiums from policyholders on all premiums collected on property insurance policies covering property within the corporate limits of such municipalities, respectively. . . . (Emphasis supplied.) There is no section of Ch. 175, F.S., which either expressly or impliedly provides that the exercise of such taxing power as is therein granted may be exercised extraterritorially. On the contrary, s. 175.101 limits the excise tax to premiums on policies "covering property within the limits of such municipalities, respectively." And s. 175.041
expressly provides that the provisions of the act . . . shall apply only to municipalities organized and established pursuant to the laws of the state of Florida, and said provisions shall not apply to the unincorporated area of any county or counties. . . . (Emphasis supplied.) Further, this power is exercisable pursuant to the adoption of an appropriate municipal ordinance; and it is a well-settled principle of law that "the powers of a municipal corporation cease at municipal boundaries and cannot, without plain manifestation of legislative intention, be exercised beyond its limits. . . ." [See] 62 C.J.S. Municipal Corporations s. 141. Accord: Smith v. Lummus, 6 So.2d 625 (Fla. 1942), with particular reference to the taxing power. This is particularly true of governmental functions as compared to proprietary functions, 62 C.J.S. id.; and it is established that taxation is a governmental function. Coleman v. Kansas City, 182 S.W.2d 74 (Mo. 1944); Black v. Baker, 111 S.W.2d 706 (Tex.App. 1938); Kroger Grocery Baking Co. v. City of St. Louis, 106 S.W.2d 435 (Mo. 1937). Your question is, therefore, answered in the negative.