# IN THE COURT OF APPEALS OF TENNESSEE
## AT JACKSON
February 19, 2013 Session

## JOE CLYDE TUBWELL v. CITY OF MEMPHIS, ET AL.

### Direct Appeal from the Circuit Court for Shelby County
No. CT-00045912, Div. 5     Kay S. Robilio, Judge

### No. W2012-01017-COA-R3-CV - Filed March 20, 2013

This is an appeal from the circuit court's dismissal of Appellant's appeal from the Memphis City Court. Appellant filed a pauper's oath in the circuit court, but did not file a proper bond or oath in the city court as required to perfect his appeal. Accordingly, the circuit court did not gain jurisdiction over the matter and, thus, properly dismissed the appeal. Affirmed and remanded.

### Tenn. R. App. P. 3. Appeal as of Right; Judgment of the Circuit Court Affirmed and Remanded

J. STEVEN STAFFORD, J., delivered the opinion of the Court, in which ALAN E. HIGHERS, P.J.,W.S., and DAVID R. FARMER, J., joined.

Joe Clyde Tubwell, Southaven, Mississippi, Pro Se.

Teresa D. Jones, Memphis, Tennessee, for the Appellee, City of Memphis.

## OPINION

On November 1, 2011, Appellant Joe Clyde Tubwell was issued a traffic citation for violating Section 21-371.3A of the Memphis Municipal Code, i.e., disregarding a red light. On January 23, 2012, the City of Memphis Division I Traffic Court found Mr. Tubwell guilty of the offense, and ordered him to pay a fine and costs in the amount of $185.00. Within ten days of the order, on February 2, 2012, Mr. Tubwell filed a petition in the Shelby County Circuit Court, seeking permission to appeal, *de novo*, from the judgment of the City Court. This petition is titled "Petition for Leave to Proceed with Appeal from Division I Traffic Court Decision in Forma Pauperis." Attached to the petition, as Exhibit "B," is a uniform affidavit of indigence. The affidavit is unsigned and contains no verification or acceptance

by the clerk as suitable surety for appeal. The record also contains a second uniform affidavit of indigence, dated February 2, 2012, which appears to have been properly executed and filed in the circuit court.

On April 4, 2012, Mr. Tubwell filed a "Motion for Supersedeas Order or to Stay Division I Traffic Court Proceedings Pending Final Decision on petition to Proceed with Indigent Appeal" in the circuit court. By his petition, Mr. Tubwell requested, *inter alia*, that the judgment in the city court be stayed pending the circuit court's consideration of his motion.

On April 20, 2012, upon Appellee City of Memphis's motion to dismiss the appeal, the circuit court entered an order, denying Mr. Tubwell's motion and dismissing the appeal.[1] Mr. Tubwell appeals. The sole issue for review is: Whether the circuit court properly dismissed Mr. Tubwell's appeal for his failure to perfect his appeal.

Before turning to the issue, we first note that we are cognizant of the fact that Mr. Tubwell has proceeded *pro se* throughout these proceedings. It is well settled that *pro se* litigants are held to the same procedural and substantive standards to which lawyers must adhere. As recently explained by this Court:

> Parties who decide to represent themselves are entitled to fair and equal treatment by the courts. The courts should take into account that many pro se litigants have no legal training and little familiarity with the judicial system. However, the courts must also be mindful of the boundary between fairness to a pro se litigant and unfairness to the pro se litigant's adversary. Thus, the courts must not excuse pro se litigants from complying with the same substantive and procedural rules that represented parties are expected to observe.

*Jackson v. Lanphere*, No. M2010-01401-COA-R3-CV, 2011 WL 3566978, at *3 (Tenn. Ct. App. Aug. 12, 2011) (quoting *Hessmer v. Hessmer*, 138 S.W.3d 901, 903 (Tenn. Ct. App. 2003)). We further note that, although Mr. Tubwell requested oral argument in this case, which request was docketed and noticed, he failed to appear before this Court. Accordingly, we will review the arguments made in his brief.

---

[1] By Order of February 7, 2013, this Court granted the State of Tennessee's motion, filed pursuant to Tennessee Rule of Appellate Procedure 19, to substitute the City of Memphis as the proper Appellee in this case.

Appeals from city court are governed by the same procedure applicable to appeals from general sessions court to circuit court. *City of Red Boiling Springs v. Whitley*, 777 S.W.2d 706, 707 (Tenn. Ct. App. 1989) (citing Tenn. Code Ann. § 27-5-102). Specifically, the appeal must be taken within ten days, and is conditioned on the filing of bond with good security or pauper's oath. Tenn. Code Ann. §§ 27-5-101 through 27-5-103. The required bond or pauper's oath is to be filed in the court from which the appeal is taken to circuit court, i.e., here, the city court. *See Red Boiling Springs*, 777 S.W.2d at 707 ("Although Tenn. Code Ann. § 27-5-103 does not specifically say where the bond is to be filed, it is clear from Tenn. Code Ann. § 27-5-105 (1980) and the cases construing the statutory procedure that the bond is to be filed in the court from which the appeal is taken."). Once a proper bond or pauper's oath has been filed in the general sessions court or, in this case, in the city court, it is then the duty of the city court to forward the papers to the clerk of the circuit court. Tenn. Code Ann. § 27-5-105. The requirement of bond to perfect the appeal from the city court to the circuit court is not a formality; rather, the appeal is not perfected without it and, in the absence of proper bond or pauper's oath, the circuit court does not gain jurisdiction to hear the appeal. Tenn. Code Ann. §§ 27-5-103, 27-5-105.

Upon review of the appellate record, it appears that Mr. Tubwell failed to filed a proper bond or pauper's oath in the city court. Although he filed a pauper's oath in the circuit court, that filing is not adequate to perfect the appeal. Rather, as discussed above, the pauper's oath or bond must be filed in the city court in order to perfect the appeal and to transfer jurisdiction to the circuit court. In the absence of a properly executed pauper's oath or bond in the city court, the circuit court does not gain jurisdiction over the appeal. Because the bond requirement is jurisdictional, it cannot be excused. Accordingly, Mr. Tubwell's appeal to the circuit court was properly dismissed for failure to perfect the appeal.

For the foregoing reasons, we affirm the order of the Shelby County Circuit Court, dismissing the appeal. The case is remanded for other proceedings as may be necessary and are consistent with this Opinion. Costs of the appeal are assessed against the Appellant, Joe Clyde Tubwell. It appears, from the notice of appeal, that Mr. Tubwell is proceeding, *in forma pauperis*, in this appeal. Accordingly, execution may issue for costs if necessary.

_____
J. STEVEN STAFFORD, JUDGE