# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE
April 12, 2016 Session

## AUSTIN DAVIS, ET AL. v. COVENANT PRESBYTERIAN CHURCH OF NASHVILLE, ET AL.

### Appeal from the Circuit Court for Davidson County
### No. 13C2510 Kelvin D. Jones, Judge

_____

### No. M2015-02154-COA-R3-CV – Filed June 9, 2016
_____

Following the trial court's dismissal of their complaint, the plaintiffs filed a motion for relief from judgment pursuant to Rule 60.02 of the Tennessee Rules of Civil Procedure ("Rule 60.02"). The trial court found no basis for setting aside the judgment under Rule 60.02 and denied the motion. The plaintiffs appealed. We affirm.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed and Remanded

ARNOLD B. GOLDIN, J., delivered the opinion of the Court, in which FRANK G. CLEMENT, JR., P.J., M.S., and RICHARD H. DINKINS, J., joined.

Austin Davis, Catherine Davis, Daisy Davis, and D.D., a minor, Nashville, Tennessee, Pro se.[1]

Thomas M. Donnell, Autumn L. Gentry, Kelly M. Telfeyan, and Dickinson Wright, Nashville, Tennessee, for the appellees, Covenant Presbyterian Church of Nashville, Jim Bachmann, John Avery, Worrick Robinson, and Joe Eades.

E. Michael Brezina, III, Wayne A. Kline, and Lyndsey L. Lee, Knoxville, Tennessee, for the appellee, Presbyterian Church in America.

_____

[1] Although each of the appellants signed the notice of appeal and appellate brief, only Austin Davis participated in oral argument. Because Austin Davis is not an attorney licensed to practice law in the State of Tennessee, he can only appear on behalf of himself in a Tennessee court. *See* Tenn. Sup. Ct. R. 7 § 1.01 (prohibiting the unauthorized practice of law); *see also Pledged Property II, LLC v. Morris*, No. W2012-01389-COA-R3-CV, 2013 WL 1558318, at *1 (Tenn. Ct. App. Apr. 15, 2013). Catherine Davis, Daisy Davis, and D.D., a minor, remain appellants in this matter; they are simply considered to have not participated in oral argument.

William L. Campbell, Jr., Nashville, Tennessee, for the appellee Nashville Presbytery, P.C.A.

## OPINION

### I. BACKGROUND AND PROCEDURAL HISTORY[2]

This case began in June 2013 when the Davis Family[3] ("Plaintiffs"), former members of Covenant Presbyterian Church of Nashville ("Covenant"), filed a complaint in the Davidson County Circuit Court against Covenant, its pastor and several of its individual members, Nashville Presbytery, and Presbyterian Church in America ("PCA"). Later, Plaintiffs filed an amended complaint alleging that the defendants committed a continuous series of intentional and negligent acts that harmed Plaintiffs in furtherance of an effort to fraudulently conceal child sexual abuse by one of its members ("Covenant Member"). The amended complaint went on to assert causes of action for invasion of privacy; malicious harassment; assault; intentional infliction of emotional distress; negligence; negligent hiring, training, supervision, and retention; and civil conspiracy.

The defendants filed motions to dismiss Plaintiffs' amended complaint for, among other things, failure to state a claim upon which relief could be granted. Davidson County Circuit Court Judge Carol Soloman presided over the matter and granted the defendants' motions to dismiss on September 26, 2013. On appeal, this Court affirmed the trial court's dismissal of all Plaintiffs' claims against Nashville Presbytery and PCA. *Davis v. Covenant Presbyterian Church*, No. M2013-02273-COA-R3-CV, 2014 WL 2895898, at *4 (Tenn. Ct. App. June 23, 2014) ("*Davis I*"). We also affirmed the dismissal of all Plaintiffs' claims against Covenant and the individual defendants except for Plaintiffs' claim for assault. *Id*. at *6. We remanded the case to the trial court for further proceedings with respect to Plaintiffs' claim for assault. *Id*. at *9.

Judge Kelvin Jones presided over the case on its return to the trial court. On remand, Covenant and the individual defendants moved the trial court for a more definite statement to Plaintiffs' amended complaint on the basis that it was so vague that the defendants could not reasonably be required to frame a responsive pleading. *See* Tenn. R. Civ. P. 12.05. The trial court granted the motion, and Plaintiffs filed a pleading styled "Court-Ordered Amended Complaint" to provide a more definite statement of the allegations forming their remaining

---

[2] As this is the second appeal in this case, we briefly restate the facts giving rise to this appeal. For a more thorough recitation of the background and procedural history of this case, see this Court's opinion in *Davis v. Covenant Presbyterian Church*, No. M2013-02273-COA-R3-CV, 2014 WL 2895898 (Tenn. Ct. App. June 23, 2014).

[3] The complaint lists Austin and Catherine Davis and their children as plaintiffs.

claim for assault.[4]  In response, Covenant and the individual defendants filed a motion to dismiss.  Following a hearing, the trial court entered an order dismissing Plaintiffs' remaining claim for assault on May 18, 2015.  Plaintiffs subsequently filed a motion to alter or amend, which the trial court denied in an order entered on July 17, 2015.

On August 17, 2015, Plaintiffs filed a motion for relief from judgment pursuant to Rule 60.02.  In the motion, Plaintiffs sought "relief from all written orders issued by the Court since the day the first amended complaint was filed over two years ago on August 7, 2013."  In a supporting memorandum of law, Plaintiffs argued that such relief was warranted because Judge Soloman, who presided over the case initially, should have voluntarily recused herself.  Specifically, Plaintiffs asserted that Judge Soloman had an interest in the proceedings because, as they had recently discovered, she presided over Covenant Member's divorce case and therefore had prior knowledge of the accusations against him.  Covenant and the individual defendants filed a response opposing Plaintiffs' Rule 60.02 motion.  Additionally, because Plaintiffs sought to reinstate the claims against them, Nashville Presbytery and PCA also filed responses opposing the motion.  On September 18, 2015, following a hearing, the trial court entered an order denying Plaintiffs' Rule 60.02 motion.

On October 19, 2015, Plaintiffs filed a timely notice of appeal.[5]  The sole issue on appeal is whether the trial court erred in denying Plaintiffs' Rule 60.02 motion.

## II. ANALYSIS

Tennessee courts recognize that the disposition of a motion seeking relief under Rule 60.02 is best left to the discretion of the trial judge.  *Henderson v. SAIA, Inc.*, 318 S.W.3d 328, 335 (Tenn. 2010); *Underwood v. Zurich Ins. Co.*, 854 S.W.2d 94, 97 (Tenn. 1993); *Banks v. Dement Constr. Co.*, 817 S.W.2d 16, 18 (Tenn. 1991).  As such, the standard of review on appeal is whether the trial court abused its discretion in granting or denying relief.  *Henderson*, 318 S.W.3d at 335.  A trial court abuses its discretion when it causes an injustice to the party challenging its decision by "(1) applying an incorrect legal standard, (2) reaching an illogical or unreasonable decision, or (3) basing its decision on a clearly erroneous assessment of the evidence." *Lee Med., Inc. v. Beecher*, 312 S.W.3d 515, 524 (Tenn. 2010).  The abuse of discretion standard "envisions a less rigorous review of the lower court's

---

[4] The record does not contain either a motion requesting or order permitting the filing of a "Second Amended Complaint" so we presume the Plaintiffs' filing is their response to the trial court's order granting the defendants' motion for a more definite statement though not designated as such.

[5] When the last day of the 30-day filing period falls on a Saturday, a Sunday, a legal holiday, or other day when the clerk's office is closed, that day is not included in the 30-day filing period.  Tenn. R. App. P. 21(a).  The 30th day after the entry of the trial court's judgment was Sunday, October 18, 2015.  Plaintiffs' notice of appeal was therefore timely filed on Monday, October 19, 2015.

decision and a decreased likelihood that the decision will be reversed on appeal" and does not permit the appellate court to substitute its judgment for that of the trial court. *Id.* A trial court's decision reviewed for an abuse of discretion "will be upheld so long as reasonable minds can disagree as to propriety of the decision made." *Eldridge v. Eldridge*, 42 S.W.3d 82, 85 (Tenn. 2001).

Rule 60.02 provides that "[o]n motion and upon such terms as are just," a court may provide relief from a final judgment, order, or proceeding in the following circumstances:

(1) mistake, inadvertence, surprise or excusable neglect;

(2) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party;

(3) the judgment is void;

(4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that a judgment should have prospective application; or

(5) any other reason justifying relief from the operation of the judgment.

The general purpose of Rule 60.02 "is to alleviate the effect of an oppressive or onerous judgment." *Black v. Black*, 166 S.W.3d 699, 703 (Tenn. 2005) (quoting *Killion v. Dep't of Human Servs.*, 845 S.W.2d 212, 213 (Tenn. 1992)). It is "designed to strike a proper balance between the competing principles of finality and justice," *Furlough v. Spherion Atl. Workforce, LLC*, 397 S.W.3d 114, 127 (Tenn. 2013) (quoting *Jenkins v. McKinney*, 533 S.W.2d 275, 280 (Tenn. 1976)), by providing "an escape valve from possible inequity that might otherwise arise from the unrelenting imposition of the principle of finality imbedded in our procedural rules." *Henderson*, 318 S.W.3d at 336 (quoting *Thompson v. Firemen's Fund Ins. Co.*, 798 S.W.2d 235, 238 (Tenn. 1990)). However, due to the importance of finality in legal proceedings, this "escape valve" has been characterized as an "exceptional remedy," *see Furlough*, 397 S.W.3d at 127 (quoting *Nails v. Aetna Ins. Co.*, 834 S.W.2d 289, 294 (Tenn. 1992)), that "should not be easily opened." *Henderson*, 318 S.W.3d at 336 (quoting *Toney v. Mueller Co.*, 810 S.W.2d 145, 146 (Tenn. 1991)). Accordingly, a party seeking relief under Rule 60.02 bears the burden of proving that it is entitled to such relief by clear and convincing evidence. *McCracken v. Brentwood United Methodist Church*, 958 S.W.2d 792, 795 (Tenn. Ct. App. 1997). Evidence that is clear and convincing leaves "no serious or substantial doubt about the correctness of the conclusions drawn from the evidence." *Hodges v. S.C. Toof & Co.*, 833 S.W.2d 896, 901 n.3 (Tenn. 1992). "In other words, the evidence must be such that the truth of the facts asserted [is] 'highly probable.'" *Henderson*, 318

S.W.3d at 336 (quoting *Goff v. Elmo Greer & Sons Constr. Co.*, 297 S.W.3d 175, 187 (Tenn. 2009)).

Plaintiffs' motion sought relief under subpart (5) of Rule 60.02.[6] Rule 60.02(5) is a catch-all provision that permits courts to grant relief for "any other reason justifying relief from the operation of the judgment." Tenn. R. Civ. P. 60.02. Rule 60.02(5) has been "narrowly construed by Tennessee's courts," and only applies "in the most extreme, unique, exceptional, or extraordinary cases." *Furlough*, 397 S.W.3d at 128 (citations omitted). As such, presenting evidence sufficient to have an order set aside under Rule 60.02(5) is a difficult task. *Henderson*, 318 S.W.3d at 339.

Plaintiffs contend that relief is appropriate under Rule 60.02(5) because Judge Soloman, who presided over the case initially, was prejudiced against them. Specifically, they argue that Judge Soloman had an interest in the case because she presided over Covenant Member's divorce case and therefore had prior knowledge of the child sexual abuse accusations against him. Plaintiffs also point out that Judge Soloman recused herself in Covenant Member's divorce case and assert that she should have voluntarily recused herself in this case. For several reasons, we are not persuaded that these circumstances warrant relief under Rule 60.02(5).

First, although Judge Soloman did recuse herself from Covenant Member's divorce case, her recusal order in that case, which is included in the record before us, states that her decision to recuse herself was based on her involvement in the parties' settlement proceedings. There is nothing in the record to suggest that Judge Soloman's recusal in that case was in any way related to her personal knowledge of or relationship with Covenant Member. In any event, Covenant Member is not a party to the current proceedings. Although Covenant Member is mentioned in Plaintiffs' amended complaint, Judge Soloman's involvement in his divorce certainly does not disqualify her from presiding over this case. *C.f. King v. State*, 391 S.W.2d 637, 642 (Tenn. 1965) (holding that a judge was not disqualified from presiding over a criminal trial for assault on the defendant's wife because the judge had previously presided over the wife's divorce case against the defendant and granted a decree of divorce on matters involved in the criminal trial). Plaintiffs did not present any evidence that Judge Soloman was biased against them, and we do not find any indication of bias in the record. Moreover, this Court reviewed Judge Soloman's ruling de novo with no presumption of correctness in *Davis I* and affirmed her dismissal of Plaintiffs'

---

[6] Although the motion does not specify which subpart of Rule 60.02 on which Plaintiffs sought to rely, we note that it requests relief from orders entered more than one year prior to the date that it was filed. Plaintiffs were therefore barred from relying on subparts (1) and (2). *See* Tenn. R. Civ. P. 60.02 (providing that a motion seeking relief under subparts (1) or (2) must be made "not more than one year after the judgment, order or proceeding was entered or taken.") Additionally, subparts (3) and (4) are plainly inapplicable in this case. We therefore presume that Plaintiffs sought relief under subpart (5).

claims with the exception of their claim for assault against Covenant and the individual defendants. *Davis I*, at \*2. This Court's ruling in *Davis I* established the law of the case, which must be followed by the trial court on remand. *Memphis Publ'g Co. v. Tenn. Petroleum Underground Storage Tank Bd.*, 975 S.W.2d 303, 306 (Tenn. 1998). The new arguments presented by Plaintiffs on remand do not justify reconsideration of those issues.

Although we are cognizant that Plaintiffs proceeded *pro se* in filing their Rule 60.02 motion, it is well-settled that "*pro se* litigants are held to the same procedural and substantive standards to which lawyers must adhere." *Tubwell v. City of Memphis*, 413 S.W.3d 77, 79 (Tenn. Ct. App. 2013). Plaintiffs bore the burden of presenting clear and convincing evidence that they were entitled to relief under Rule 60.02. *See McCracken*, 958 S.W.2d at 795. Because they failed to satisfy that burden, we conclude that the trial court acted within its discretion in denying their Rule 60.02 motion.

### III. CONCLUSION

For the foregoing reasons, we affirm the judgment of the trial court in all respects. This case is remanded for such further proceedings as may be necessary and are consistent with this opinion. The costs of this appeal are assessed against the Appellants, Austin Davis, Catherine Davis, Daisy Davis, and D.D., a minor, and their surety, for all of which execution may issue if necessary.

_____
ARNOLD B. GOLDIN, JUDGE