Mayfield *v.* Stephenson.

## MAYFIELD *v.* STEPHENSON.

1. SUPREME COURT. *Revivor at special term not void.` When.* A decree of revivor is not void because rendered at a special term of this court regularly appointed and held.

2. SAME. *Same. Omission to include proper party. When advantage may and may not be taken of.* Nor can such decree, after final determination of the suit, be successfully attacked by the defendants in the case in which it was rendered, because one of the complainant's heirs had not been made a party by the revivor, the decree itself assuming that the revivor was in the name of all the heirs, and not a part of the heirs of the decedent; and while the omission might have been taken advantage of at the time, the defendants can not now avoid the decree by a new proceeding in the nature of a bill of review.

Cases cited: Home *v.* Mitchell, Meigs, 138; Winters *v.* McGhee, 3 Sneed, 128.

3. SAME. *Same. How far omitted party's rights compromised.* While the decree in such a cause would not preclude the rights of the omitted party, yet having joined in the defense to the bill filed by the defendants in the original cause, attacking the revivor, he cannot afterwards prosecute another suit for the same cause as against them.

4. SAME. *No jurisdiction to review former decree. When.* The court say it is without jurisdiction to review a decree rendered at a former

term, which disposed of a question now alleged not to have been raised by the pleadings in the cause.

5. SAME. *Action of confined to object for which suit brought.* After refusing to entertain a bill filed by several complainants seeking to have a former decree against them declared void and set aside, the court declined to adjust the equities and rights of the complainants as among themselves, such not having been the object for which the bill was framed.

FROM POLK.

Appeal from the Chancery Court.

No counsel marked.

McFARLAND, J., delivered the opinion of the court.

In September, 1858, John F. Hannah filed his bill in the Chancery Court at Benton, against William M. Biggs, William Mayfield, Thomas S. Biggs and Esby Boyd. The object of this bill was to set up and establish a resulting trust in certain real estate in Polk county, for which grants had issued to the said William M. Biggs, but as the bill in that case alleged the grants had been obtained under an agreement founded upon a sufficient consideration, by which said Hannah was entitled to a joint interest in the lands, said Mayfield, Thomas S. Biggs and Esby Boyd, were made parties upon the allegation that they claimed to hold a lien or liens upon one of the tracts under said W. M. Biggs, and they were called upon "to disclose their evidence of right or title or interest under which they claim, and file the same with their answers."

Full defense was made to this bill and an amended

bill that was filed, both by demurrer and answers, a large amount of proof taken, and the cause heard, and by appeal brought to this court. And at a special term on the 12th of April, 1869, an entry made showing "that the death of the complainant was suggested and proved, and it appearing to the satisfaction of the court that, on the 7th of April, 1867, letters of administration on the estate of John F. Hannah had duly issued from the County Court of Polk county, Tennessee, to E. H. Stephenson as special administrator to prosecute this suit, it is ordered by the court, on motion of complainant's solicitor, that this suit be and the same is hereby revived in the name of E. H. Stephenson, special administrator of John F. Hannah, deceased, and the heirs at law of the said John F. Hannah, to-wit: E. H. H. Stephenson and his wife Elizabeth Stephenson, William A. Shelton, F. A. Hannah, A. T. Hannah, and J. H. Hannah, as complainants."

Afterwards, at the September term, 1869, of this court, the cause was heard, and a decree rendered on the 17th of November, adjudging that the complainants were entitled to the relief prayed for, first as to another tract of land as to which said Mayfield and others set up no claim, and also as to the tract called the Ducktown tract, the one upon which the said Mayfield, Thomas S. Biggs and Boyd claimed a lease, and as to which the decree proceeds as follows:

This court is of opinion, and doth adjudge, that the defendants, Wm. Mayfield, Esby Boyd, Jr., and Thomas S. Biggs, are not purchasers for a valuable

consideration without notice, and that the agreement in the pleadings mentioned between them and William M. Biggs, on the 6th of June, 1854, is null and void as to the original complainant, John F. Hannah, and these now representing them, but the court does not now feel called upon to. declare the rights, if any, of the several defendants as against each other."

The decree then declares the complainant entitled to a sale of the two tracts of land, settles the principles of an account, and remands the cause to the Chancery Court at Benton to be proceeded with.

Subsequently, the present complainants, Wm. Mayfield, Esby Boyd and Thomas S. Biggs, filed the bill; Wm. M. Biggs afterwards became a joint complainant with them. It is styled an original bill in the nature of a cross-bill and in the nature of a bill of review. It sets forth the history of the previous cause as above given. It insists that the decree of this court above referred to is void:

1. Because the decree of revivor was at what is styled the March term, 1869, at a time when, by law, no court should have been held.

2. Because the name of Robert C. Hannah, one of the heirs of John F. Hannah, was omitted in the decree of revivor.

Upon the first point it is sufficient to say that it appears, by the record, that a special term was regularly appointed and held at the time the decree of revivor was held. Upon the second ground it is maintained that there could be no revivor of the cause in the name of part of the heirs of John F. Hannah—

that they all constitute but one heir or representative of the ancestor, and that there can be no revivor in the name of part. Previous to the statutes authorizing revivors by motion, a bill of revivor was the proper mode of reviving a cause of this character, and in such a proceeding the question, whether the persons appearing as complainants in the bill of revivor were the proper heirs of the decedent, was necessarily passed upon by the court.

By the act of 1825, ch. 65, Code, 2851, it is enacted, "that where one or more of several plaintiffs not partners, dies, the person entitled to represent the decedent may revive by motion at any time before the cause is tried or abated."

And sec. 2855: The action may be revived by the proper person at any time by motion.

Under these statutes, where parties claiming to be the proper representative present themselves and move to revive, it is right of the other party to resist the revivor upon any proper ground, either that the persons making the motions are not the proper heirs, or that they are not all the heirs, or upon any other proper ground, and the court must, in acting upon the motion to revive, pass upon and decide these questions.

The decree of revivor in this cause does not assume to revive the cause in the name of part of the heirs of said Hannah, omitting others, but the decree assumes to revive the cause in the name of the heirs, meaning all the heirs, and gives the names. We must assume that the persons named as the heirs in this order were either admitted to be the heirs or

26—VOL. 6.

proven to be to the satisfaction of the court. The court had jurisdiction to determine the question, and the decree assumes the fact to be so. Can we declare this decree void because it now turns out that the name of one of these heirs was omitted? In *Winters* v. *McGhee*, 3 Sneed, 128, it was held, that one tenant in common could not sue alone for trespass to land, (though the authorities are said to be in conflict on the question), yet, if one sue, advantage could only be taken by plea in abatement.

The case of *Home* v. *Mitchell*, Meigs Report, 138, relied upon by the complainant, decides that an action of covenant could not be maintained against part of the heirs of a warrantor in a deed for breaches of the warranty; that this was not one of the obligations made joint and several by the act of 1789, ch. 57, but the question was made in that case by plea in abatement.

Without deciding whether a part only of the heirs of Hannah would have had the right, the fact appearing that they were part and not all the heirs, to a revivor of the cause without the other joining, we are of opinion that as the court had full jurisdiction to determine the question of fact as well as law, and having done so, we cannot declare the decree void, at the instance of the defendants in the case, when the only party affected by the omission does not complain. Robert C. Hannah's rights would probably not be precluded by the decree, but he is not complaining; he joins in the defense made to the present bill, and insists that the decree is right. They will at all events

preclude him from prosecuting any other suit for the same cause against complainats.    And the complainants cannot be injured by it.    He may possibly have the benefit of the decree.

We held at the last term at Jackson, that we would take no notice of a death occurring after argument and while the cause was held under advisement, but pronounce judgment as if no such death had occurred, and leave the parties to revive the judgment.    That was a case of appeal from the judgment against tax collector and sureties by motion:  *McLean* v. *The State.*

The next ground relied upon by complainant is that the decree declaring the lease to the complainants void, is a nullity because the question was not an issue by the pleadings in the original cause.

The court in its opinion and in its decree decides, that this question was involved, and adjudges it in unmistakable terms.    This decree was not by oversight, for the question is directly presented both in the opinion and in the decree.    The decree is that the lease as to the complainants is void, and they are entitled to this relief without regard to the lease.    To review this decree or declare it void would be to exercise a jurisdiction never claimed for this court.    The proposition is wholly untenable.

It is next argued that this bill should be maintained, if for no other purpose, for the purpose of so directing the sale as to adjust the rights of the several parties and their leases.

In the decree before referred to, this court declined

to pass upon these questions as between the several defendants, simply treating the settlement of the question as between complainant W. M. Biggs.

This cannot be regarded as a bill to settle these questions between the defendants, for the defendants all join in the bill, W. M. Biggs coming in as complainant with the others. So there is no controversy between them. Any other decree necessary to a final settlement of the cause in accordance with the opinion and decree of this court, can be fully made without the present bill.

The decree of the Chancellor must be reversed and the bill dismissed with costs.