EARHART *v.* YOUNG, SHERIFF, *et al.*

(*Nashville*, December Term, 1938.)

Opinion filed Feb. 18, 1939.

B. H. HAGEY and J. N. DANIEL, both of Nashville, for appellant.

HORACE OSMENT and W. C. CHERRY, both of Nashville, for appellees.

MR. JUSTICE DEHAVEN delivered the opinion of the Court.

Complainant filed his original bill herein alleging, in substance, that he is the owner and distributor of amusement games, commonly referred to as pinball games, and has expended a large sum of money in the purchase of these machines; that the machines in question do not emit chips or tokens nor does complainant or operator offer a prize for a given score; that the game is for amusement only and so states on the face of the machine; that all customers who come into the place where the machine is displayed are extended the right to operate the same on the payment of a five-cent charge, not dependent on chance or contingent fortune.

It is further alleged that defendant, Lon Foster, Chief of Police of the City of Nashville, has seized one of complainant's machines and all defendants have threatened to arrest complainant, or the operators of the places of

business where these games are displayed, upon the pretext that complainant and said business operators are violating the law of the State of Tennessee and the ordinances of the City of Nashville. That complainant has expended large sums for licenses for said machines and the licenses are worthless unless he is permitted to operate the machines so licensed.

It is further alleged that defendants well know that these machines are not illegal devices and do not violate any of the laws of the State of Tennessee or ordinances of the City of Nashville, but irrespective of this, defendants, acting in their official capacities, threaten to confiscate and destroy said machines and arrest complainant and the operators of the machines solely for the purpose of destroying complainant's business, and are so acting as to deprive him and the operators of their business and property without due process of law.

The prayer of the bill is that defendants be enjoined from in any manner interfering with complainant in the distribution and operation of the pinball machines in question, either directly or indirectly.

Defendants demurred to the bill upon two grounds: (1) that the bill shows on its face that the matters and things complained of are matters relating to their duties as law enforcement officers, and particularly with reference to the enforcement of the criminal laws of the State, and that, therefore, the court is without jurisdiction to enjoin the exercise of their duties in the enforcement of a criminal statute; (2) that the chancery court is without jurisdiction to determine whether by the operation of a particular machine, a criminal offense has been committed.

The chancellor sustained the demurrer and dismissed

the bill. Complainant has appealed to this court and assigned errors.

██ ██ In *Kelly & Co.* v. *Conner*, 122 Tenn., 339, 123 S. W., 622, 627, 25 L. R. A. (N. S.), 201, the court held that the chancery court has no jurisdiction to enjoin pending or threatened prosecutions for the violation of the criminal laws of the State and said: "This proposition, as a rule of general application is unquestionably sound and well established in our jurisprudence." Under section 11276 of the Code, it is made a misdemeanor to keep or exhibit any gaming table or device.

Complainant, in his bill, describes the pinball machines in question and avers that they are not illegal devices. It is upon the theory that the machines are lawful in character that the injunction is sought. In effect, complainant is seeking by his bill a declaration by the court that the machines are not gaming devices. Had the bill been filed under the Declaratory Judgments Law, Code, section 8835 *et seq.*, the court would have been without jurisdiction to enjoin law-enforcing officers from proceeding under a penal statute. *Lindsey* v. *Drane*, 154 Tenn., 458, 285 S. W., 705; *Erwin Billiard Parlor* v. *Buckner*, 156 Tenn., 278, 300 S. W., 565.

██ ██ An exception to the rule that a court of equity has no jurisdiction to restrain a criminal prosecution is that the court will take jurisdiction where property rights are affected. *Frankland Carriage Co.* v. *City of Jackson*, 160 Tenn., 649, 28 S. W. (2d), 343. But, in order to invoke the aid of equity in such case, the title of the injured party must be clear. This is the rule applicable to injunctive relief as against torts to property. Pomeroy's Eq. Jur., secs. 1347, 1889. And, by analogy, has application to injunctive relief as against the seizure

of property by officers acting under a penal statute. If the pinball machines be, in fact, gaming devices complainants could have no standing in court of equity with respect to injunctive relief as against officers seeking their seizure.

The decree of the chancellor sustaining the demurrer and dismissing the bill must be affirmed.