ELBERTA HARRIS v. DOBSON-TANKARD CO., Inc.,
et al.—298 S. W. (2d) 28.

Middle Section.    October 26, 1956.

Petition for Certiorari denied by Supreme Court February 8, 1957.

644

Sims Crownover, William H. Crabtree, and Watkins & Crownover, Nashville, for plaintiff Elberta Harris.

Ward DeWitt, Jr., and Trabue & Sturdivant, Nashville, for defendant Dobson-Tankard Co. Inc.

C. Vernon Hines, Nashville, for defendants Tom Y. Cartwright and National Surety Co.

FELTS, J.   This action was brought by Elberta Harris against Dobson-Tankard Company, Inc., Tom Y. Cartwright, Sheriff of Davidson County, and National Surety Company, surety on his official bond, to recover damages alleged to have been caused plaintiff by defendants in wrongfully evicting her from her apartment and putting her furniture and household goods out on the sidewalk during a rainstorm.

The suit, begun in the Court of General Sessions, was taken by appeals to the Circuit Court. There, the Trial Judge directed a verdict for Dobson-Tankard Company, Inc., and submitted to the jury the question whether the Sheriff and his surety were liable for the failure of his deputy to use due care in executing the writ of possession. There was a verdict and judgment for plaintiff against the Sheriff and the surety for $500.

Plaintiff appealed in error and has assigned errors upon the trial court's action in directing the verdict for Dobson-Tankard Company, Inc., in limiting the case as to the Sheriff and the surety to the issue of negligence and actual damages, and in not submitting the case against all the defendants upon all the issues, including those of malice and of exemplary damages. The Sheriff and his surety appealed in error and insist that the Trial Judge should have directed a verdict for them.

In considering whether verdicts should have been directed for defendants, we must look to all the evidence, take that for plaintiff as true, allow all reasonable inferences in her favor, and discard all countervailing evidence. Smith v. Sloan, 189 Tenn. 368 376-377, 225 S. W. (2d) 539, 227 S. W. (2d) 2; Henry v. Roach, 41 Tenn. App. 289, 293 S. W. (2d) 480.

The evidence, viewed in its most favorable aspect to plaintiff, tended to prove, and the jury could have reasonably found, the following facts and circumstances:

One Hattie Mai Taylor, a colored woman, owned a house and lot, located at 344 22nd Ave., North, Nashville, which consisted of several apartments, one of which was rented to and occupied by plaintiff, also a woman of color, under an oral lease from month to month at a rental of $30 per month. She had paid Hattie Mai Taylor the rent in advance for the month of August 1954, when she was evicted August 19, under circumstances hereinafter stated.

Hattie Mai Taylor owed on this property a balance of $3,000, on which she was paying $85 per month. To secure payment of this balance, she had executed a mortgage trust deed, conveying the property to a trustee, with

power of sale in the event of default. She made default, the trust deed was foreclosed, and the property was sold on June 28, 1954, to Mr. Allen Dobson, who purchased for Dobson-Tankard Company, Inc. This trust deed was of record and contained this provision:

> "In the event of a sale of said property under and by virtue of this trust, the said Hattie Mai Taylor and all persons holding under her shall be and become tenants at will of the purchaser of the same, from and after the execution and delivery of a deed to such purchaser, said tenancy to be determined at the option of said purchaser under five days written notice".

Dobson-Tankard Company, Inc., on July 6, 1954, mailed to Hattie Mai Taylor a letter notifying her that they had purchased the property and wanted her to surrender possession at "the earliest possible date, not later than *Monday, July 12, 1954*". She went by their office, begged for more time, which was refused, and she agreed to move out, but did not do so. No notice was given plaintiff, Elberta Harris, to determine her tenancy under the above quoted provision.

On July 16, 1954, Dobson-Tankard Company, Inc., sued Hattie Mai Taylor in unlawful detainer in the General Sessions Court. Process was not served on her but on Lester Jordan, a colored person found there and described as a "roomer" by the officer. She did not appear or defend, and on July 29, 1954, the General Sessions Court entered judgment that "plaintiff(s) be restored to the possession" of the premises, "for which a Writ of Restitution may issue".

Dobson-Tankard Company, Inc., on August 13, 1954, had a writ of possession issued against Hattie Mai Taylor, and, on the same day, placed it in the hands of H. M. Carter, a deputy of defendant Sheriff. This officer went to the premises a time or two, could not find Hattie Mai Taylor, but found other persons there. The rooms were locked and, in his words, ''there were six or seven tenants at that time''.

On August 19, 1954, Dobson-Tankard Company, Inc., instructed the deputy to enforce the writ, and employed a number of men to help the officer remove the occupants' furniture and goods from the premises. This crew of men met the officer there at about 12:30 p.m., August 19, he forced the locks on the doors, and they removed the occupants' properties from the building.

While they were setting plaintiff's furniture and household goods out on the sidewalk, a cloud came up and soon there was a ''cloudburst and thunder'' and a severe rain. Practically all her goods had been put out by the time the rain came. Plaintiff had no notice of the suit, of the issuance of the writ of possession, or of the putting of her property out on the sidewalk. She was away from home, being on duty at the hospital where she was employed. Defendants took no steps to try to protect her goods from the rain.

It is argued for Dobson-Tankard Company, Inc., that, as purchaser under the mortgage, it had a right, to proceed as it did against Hattie Mai Taylor under our unlawful retainer statutes; and that, having obtained a valid judgment against her for possession, it had the right to enforce the writ of possession against her and all other persons, including plaintiff, since it had no

knowledge that plaintiff was an occupant or a tenant or had any right in the premises.

██ The premises, however, was an apartment house in possession of the mortgagor, Hattie Mai Taylor, and of tenants holding under her, including plaintiff, who was occupying one of the apartments with her furniture and goods. Such physical possession was an obvious, obtrusive fact which anyone, purchasing with "an actual view of the premises" (Pritchard v. Rebori, 135 Tenn. 328, 335, 186 S. W. 121, 123), was bound to know; and Dobson-Tankard Company, Inc., as purchaser, was affected with notice of plaintiff's tenancy.

██ It is well settled that where one purchases property which is occupied by a lessee, such purchaser takes the property subject to the lease and "is affected with notice of all the facts in relation thereto", even though the lease be merely an oral one. Nikas v. United Construction Company, 34 Tenn. App. 435, 448, 239 S. W. (2d) 41, 46, and cases there cited; Smith v. Holt, 29 Tenn. App. 31, 35, 193 S. W. (2d) 100, 102; Walgreen Co. v. Walton, 16 Tenn. App. 213, 220, 64 S. W. (2d) 44, 48.

██ Moreover, the mortgage under which Dobson-Tankard Co., Inc., purchased provided that "Hattie Mai Taylor and *all persons* holding under her" should become tenants at will of the purchaser, "said tenancy to be determined at the option of the purchaser after five days written notice". Thus Dobson-Tankard Company, Inc., assumed the relation of landlord to plaintiff as its tenant, and stipulated that her tenancy might be determined at its option "after five days written notice" to her.

■ A tenant under an oral lease from month to month is entitled to notice to quit. Such notice is necessary to end the tenancy and render the tenant's holding over unlawful and subject to our unlawful detainer statutes. Smith v. Holt, 29 Tenn. App. 31, 37-38, 193 S. W. (2d) 100, 102; Barnett v. Dooley, 186 Tenn. 611, 614, 212 S. W. (2d) 598, 599.

■ This was also true under the terms of the purchase by Dobson-Tankard Company, Inc. making plaintiff its tenant at will, and the tenancy terminable at its option under five days written notice to her. She would continue to be its tenant until it exercised its option to end her tenancy by giving her the five days written notice. Since it never gave her such notice, she continued its tenant and her holding was as such tenant, and not an unlawful detainer.

■■ Plaintiff was not affected by the unlawful detainer suit brought by Dobson-Tankard Company, Inc., against Hattie Mai Taylor. Since she was not a party to that suit, the judgment therein did not bind her, or end her tenancy, or afford any protection to Dobson-Tankard Company, Inc., in disturbing her possession. Its conduct was a tort against her and a wrongful eviction of her, for which it was liable in damages; or so the jury might well have found. Walgreen Co. v. Walton, supra.

■ But the case is different as to defendants Sheriff and his surety. It was the deputy's duty to execute the writ of possession. Since this writ was regular and valid upon its face, and issued by a court having jurisdiction of the subject matter, the officer's duty was to execute it, and he was not bound to inquire into the judgment on

which the writ issued. Etheridge v. Edwards, 31 Tenn. 426, 430; Mason v. Vance, 33 Tenn. 178, 60 Am. Dec. 144.

But in executing this writ it was the deputy sheriff's duty to use ordinary care not to damage plaintiff's goods. For his negligence causing such damage, he would be liable, and so would the Sheriff and his surety, T. C. A. sec. 8-1920. See cases cited in annotation in 56 A. L. R. 1039. The learned Trial Judge so charged the jury, and submitted this issue. We think the evidence supported the verdict upon this issue, which found the Sheriff and his surety liable for the deputy's negligence.

We think, however, the Trial Judge did not err in refusing to submit the issues of malice and exemplary damages. While defendant Dobson-Tankard Company, Inc., was chargeable with constructive notice of plaintiff's rights in the premises, it had no actual knowledge that she was in possession or that the goods there belonged to her rather than to Hattie Mai Taylor, defendant in the writ. Nor was there any evidence that its employees or the officer acted with malice toward plaintiff or were guilty of anything more than a failure to use ordinary care in removing her goods.

So much of the judgment as held the Sheriff and his surety liable to plaintiff will be affirmed. We judicially know that, after this case was heard and before the announcing of this opinion, the Sheriff died. So the case may be revived against his personal representative. McLean v. State, 55 Tenn. 22, 228; Mayfield v. Stephenson, 65 Tenn. 397, 403. Upon such revivor judgment will be entered here for plaintiff against the personal representative and defendant surety for the amount of the judgment below with interest.

So much of the judgment as was based upon a directed verdict for defendant Dobson-Tankard Company, Inc., will be reversed and the case will be remanded to the Circuit Court for a new trial and further proceedings not inconsistent with this opinion. The costs are adjudged against defendants. Future costs will abide the outcome.

Hickerson and Shriver, JJ., concur.