IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
May 2000 Session

## KENNETH L. STOREY v. RANDALL NICHOLS, ET AL.

Appeal from the Chancery Court for Knox County
No. 135462-2    David H. Cate, Chancellor

**FILED AUGUST 14, 2000**

**No. E1998-00851-COA-R3-CV**

---

An accused awaiting trial on a charge of aggravated rape filed an action in the Chancery Court of Knox County against the district attorney general and two of his assistants. The complaint sought an injunction preventing the defendants from proceeding with his prosecution, a money judgment to compensate him for his mental and physical suffering, and the loss of over two years of valuable time. The complaint also sought to disbar the defendants. The Chancery Court granted summary judgment to the defendants. We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court
Affirmed and Remanded**

BEN H. CANTRELL, P.J., M.S., delivered the opinion of the court, in which WILLIAM C. KOCH, JR. and WILLIAM B. CAIN, JJ., joined.

Kenneth L. Storey, Henning, Tennessee, Pro Se.

Paul G. Summers, Attorney General and Reporter; Michael E. Moore, Solicitor General; and Meredith DeVault, Senior Counsel, for the appellees, Randall E. Nichols, Greg Harrison and Charles E. Cerney.

**OPINION**

**I.**

The complaint in this action alleges that the district attorney and his two assistants caused an excessive delay in the plaintiff's prosecution, negligently misrepresented facts to the criminal courts and defamed him, obstructed justice by making misrepresentations to the courts, suborned perjury, and suppressed evidence relevant to his defense. The complaint sought a money judgment, an injunction against proceeding in the criminal trial, and that the defendants be disbarred pursuant to Tenn. Code Ann. § 23-3-201, et seq.

While the complaint was pending Mr. Storey was convicted of aggravated rape and received a sentence of twenty-five years in state custody.

The defendants filed a motion to dismiss and/or for summary judgment on the following grounds: that the court lacked jurisdiction over criminal matters; that the complaint failed to allege a basis for disciplinary proceedings under Tenn. Code Ann. § 23-3-201; that they had immunity from a money judgment; that the requested injunctive relief was moot; and that the defendants were absolutely immune under Tenn. Code Ann. § 9-8-307. The trial court granted summary judgment to the defendants.

Mr. Storey appealed to the Supreme Court but that Court transferred the cause to this court with a written opinion filed May 1, 2000. *See Storey v. Nichols*, ____ S.W.3d ____ (Tenn. 2000). The opinion established that there are two ways to initiate a disciplinary proceeding against an attorney: (1) under Rule 9 of the Supreme Court's rules, and (2) under Tenn. Code Ann. § 23-3-201, et seq. In either event an appeal lies to the Court of Appeals rather than the Supreme Court. The Supreme Court's opinion disposed of one of the issues raised by the appellees -- that the statutory disciplinary proceeding had been pre-empted by Rule 9.

## II.
### THE INJUNCTION

We agree with the defendants that the complaint for an injunction was properly dismissed. First, we think it was moot since the criminal case had been tried. *Badgett v. Broome*, 409 S.W.2d 354 (Tenn. 1966). The only injunction sought by Mr. Storey for himself was an order preventing the defendants from proceeding with his prosecution. Since the function of an injunction is to afford preventive relief, it can no longer aid Mr. Storey in his action against these defendants. *See Kelton v. Vandervort*, 707 S.W.2d 517 (Tenn. Ct. App. 1985).

Secondly, as a rule with very few exceptions, an equity court has no jurisdiction to enjoin a pending or threatened criminal prosecution. *Earhart v. Young*, 124 S.W.2d 693 (Tenn. 1939); *Campbell v. Sundquist*, 926 S.W.2d 250 (Tenn. Ct. App. 1996); *State v. Osborne*, 712 S.W.2d 488 (Tenn. Crim. App. 1986). We are not aware of any exception that would apply to Mr. Storey.

## III.
### MONETARY RELIEF

In a supplemental brief in this Court Mr. Storey has disclaimed any attempt to obtain a money judgment against the appellees. In our opinion it is just as well because of the immunity granted prosecutors acting within the scope of their prosecutorial duties. *Imbler v. Pachtman*, 424 U.S. 409 (1976). The plaintiff in *Imbler* charged the prosecutors with presenting false evidence and concealing exculpatory evidence – the same charge Mr. Storey makes here. But the court held that the defendant was acting within the scope of a prosecutor's duties for which he had an absolute immunity.

## IV.
### DISBARMENT

Unfortunately for the defendants, the immunity from civil liability does not shield them from disciplinary action if they violate the disciplinary rules in carrying out their prosecutorial duties. *Imbler*, 424 U.S. at 429; *In Re Rook*, 556 P.2d 1351 (Or. 1976); *Schoolfield v. Tennessee Bar Association*, 353 S.W.2d 401 (Tenn. 1961)(judicial immunity did not prevent disbarment proceedings). Their motion to dismiss did, however, include the ground that the complaint filed by Mr. Storey was not filed under oath as required by Tenn. Code Ann. § 23-3-202(a). The motion to dismiss was filed on November 12, 1997, and Mr. Storey did not attempt to amend his complaint before the chancellor granted the motion to dismiss on June 24, 1998. On that same date, Mr. Storey filed a pleading under oath that, it could be argued, attempted to verify the complaint. He did not file a motion to alter or amend the judgment based on his late attempt to comply with the statute.

A statute requiring an oath to an instrument is mandatory, and faithful compliance with the statute is absolutely necessary to the validity of the instrument. *Lookout Bank v. Noe*, 86 Tenn. 21 (1887). An oath is not a mere technicality. Where it is required, an oath cannot be waived by the court. *Pulaski Lumber Co. v. Harpeth South, Inc.*, 501 S.W.2d 275 (Tenn. 1973). We think that is especially true in a statutory disbarment proceeding, where any individual may bring the action, and the court may launch an investigation on the complaint alone. Tenn. Code Ann. § 23-3-202(b)-(c). When proceedings may result in such drastic consequences, it is not an undue burden to require that the process be commenced with a solemn oath. We think the chancellor was correct in dismissing the complaint for disbarment.

The appellant has moved this court for a default judgment against the appellees, and for the court to take judicial notice of adjudicative facts. Those motions are hereby overruled.

The judgment of the court below is affirmed and the cause is remanded for any further proceedings necessary. Tax the costs on appeal to the appellant, Kenneth L. Storey.

_____
BEN H. CANTRELL, PRESIDING JUDGE, M.S.

-3-