IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs September 3, 2025

**JOSH BOYD ET AL. v. WILLIAM CHAD FINCHUM ET AL.**

**Appeal from the Circuit Court for Davidson County**
**No. 24C2849    Amanda Jane McClendon, Judge**

_____

**No. M2025-00192-COA-R3-CV**

_____

This appeal concerns two issues: (1) whether a 2024 amendment to the unlawful detainer statute made possession bonds mandatory for all tenants in appeals from the general sessions court to the circuit court, abrogating the decision in *Johnson v. Hopkins*, 432 S.W.3d 840 (Tenn. 2013); and (2) whether a tenant's failure to sign an affidavit of indigency filed in lieu of a cost bond deprives the circuit court of subject matter jurisdiction. Here, the general sessions court awarded possession of the property to the landlords and entered a monetary judgment for unpaid rent against the tenants. One of the tenants then filed a timely notice of appeal with an unsigned affidavit of indigency. The general sessions court found the tenant indigent and qualified to proceed on a pauper's oath. But the circuit court held that it lacked subject matter jurisdiction because the tenant remained in possession of the property and did not post a bond equal to one year's rent per Tennessee Code Annotated § 29-18-130(b)(2). This appeal followed. The tenant contends that a possession bond was unnecessary under the decision in *Johnson* because he did not seek to retain possession of the property pending the appeal, and he argues that his failure to sign the affidavit of indigency is a correctable, technical defect. We conclude that the circuit court lacked subject matter jurisdiction because the tenant did not file a properly executed affidavit of indigency in the general sessions court. For this reason, we affirm the judgment of the circuit court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

FRANK G. CLEMENT JR., P.J., M.S., delivered the opinion of the Court, in which KENNY W. ARMSTRONG and KRISTI M. DAVIS, JJ., joined.

William Chad Finchum, Panama City Beach, Florida, Pro Se.

Robert Joseph Hill, II, Nashville, Tennessee, for the appellees, Josh Boyd and Nicole Boyd.

# OPINION

## FACTS AND PROCEDURAL HISTORY

Josh Boyd and Nicole Boyd ("Plaintiffs") own property on 19th Avenue North in Nashville, Tennessee ("the Property"). In October 2023, Plaintiffs leased the Property to William Finchum and Christianna Hicks through property management company Renew Real Estate Services.

In September 2024, Plaintiffs commenced this action for unlawful detainer in the General Sessions Court of Davidson County, Tennessee. Plaintiffs sought a writ of possession and a monetary judgment for unpaid rent and fees accruing plus reasonable attorney's fees. A few weeks later, Mr. Finchum told Plaintiffs that he and Ms. Hicks had vacated the Property, and the General Sessions Court entered an agreed order awarding possession to Plaintiffs.[1] Accordingly, Renew changed the locks on the Property. But later the same day, Mr. Finchum asked Renew for access to the home to remove several remaining possessions. So Renew gave Mr. Finchum another key.

The General Sessions Court then held a hearing on damages, but neither Mr. Finchum nor Ms. Hicks appeared. Consequently, the Court entered a default judgment awarding Plaintiffs a monetary judgment for $16,003.65 plus post-judgment interest and costs. Mr. Finchum then filed a notice of appeal with an unsigned affidavit of indigency. The General Sessions Court found Mr. Finchum was qualified to appeal on a pauper's oath and the case was transferred to the Circuit Court of Davidson County.

On appeal in the Circuit Court, Plaintiffs filed a motion to dismiss for lack of subject matter jurisdiction based on Mr. Finchum's failure to post a bond in the amount of one-year's rent as required by Tennessee Code Annotated § 29-18-130. Plaintiffs alleged that Mr. Finchum had not retrieved his remaining possessions from the Property or returned the key. In response, Mr. Finchum argued that no possession bond was required because he had already vacated the Property.

After a hearing, the Circuit Court granted the Motion to Dismiss. The Court reasoned that it lacked subject matter jurisdiction because Mr. Finchum "did not post or execute a possession bond even though [his] possessions remained at the Premises." This appeal followed.

---

[1] Ms. Hicks did not participate in the general sessions' proceedings, and she did not join in the circuit court appeal or this appeal.

STANDARD OF REVIEW

"[D]eterminations regarding a court's subject matter jurisdiction are questions of law which will be reviewed de novo without a presumption of correctness." *In re Est. of Trigg*, 368 S.W.3d 483, 489 (Tenn. 2012). "The construction of statutes and the application of statutes to the facts of a particular case are also questions of law which are reviewed de novo without a presumption of correctness." *Id*. at 489–90.

ANALYSIS

Mr. Finchum relies on *Johnson v. Hopkins*, 432 S.W.3d 840 (Tenn. 2013) for the proposition that a possession bond is not required when a tenant is not seeking to keep possession of the property pending appeal in an unlawful detainer action. But Plaintiffs contend that a 2024 amendment to § 29-18-130 abrogated the holding in *Johnson* and made possession bonds mandatory for all tenants seeking an appeal. In the alternative, Plaintiffs contend that the Circuit Court lacked subject matter jurisdiction because Mr. Finchum did not sign his affidavit of indigency.

I. POSSESSION BOND

In *Johnson*, the Tennessee Supreme Court addressed "whether section 29-18-130(b)(2) applies only to tenants who retain possession of the premises during an appeal or to all tenants." *Id*. at 848. At the time, § 29-18-130 provided:

(a) When judgment is rendered in favor of the [landlord], in any action of forcible entry and detainer, forcible detainer, or unlawful detainer, brought before a judge of the court of general sessions, and a writ of possession is awarded, the same shall be executed and the [landlord] restored to the possession immediately.

(b) (1) If the [tenant] pray an appeal, then, in that case, the [landlord] shall execute bond, with good and sufficient security, in double the value of one (1) year's rent of the premises, conditioned to pay all costs and damages accruing from the wrongful enforcement of such writ, and to abide by and perform whatever judgment may be rendered by the appellate court in the final hearing of the cause.

(2) In cases where the action has been brought by a landlord to recover possession of leased premises from a tenant on the grounds that the tenant has breached the contract by failing to pay the rent, and a judgment has been entered against the tenant, subdivision (b)(1) shall not apply. In that case, **if the [tenant] prays an appeal, the [tenant] shall execute bond, or post either a cash deposit or irrevocable letter of credit from a regulated financial institution, or provide**

**two (2) good personal sureties with good and sufficient security in the amount of one (1) year's rent of the premises, conditioned to pay all costs and damages accruing from the failure of the appeal, including rent and interest on the judgment as provided for herein, and to abide by and perform whatever judgment may be rendered by the appellate court in the final hearing of the cause**. The [landlord] shall not be required to post a bond to obtain possession in the event the defendant appeals without complying with this section. The [landlord] shall be entitled to interest on the judgment, which shall accrue from the date of the judgment in the event the defendant's appeal shall fail.

Tenn. Code. Ann. § 29-18-130 (2012) (emphasis added).

Considering the language of the statute as a whole, the Court in *Johnson* concluded that the bond requirement in (b)(2) "applies only to those tenants in an unlawful detainer action **who wish to stay the writ of possession** after a general sessions court's judgment in favor of the landlord **and retain possession of the property during the appeal**." 432 S.W.3d at 848 (emphasis added). But in 2024, the Tennessee General Assembly amended § 29-18-130. Now, instead of saying "the [tenant] shall execute bond," § 29-18-130(b)(2) says, "an appeal **must not be allowed** unless the defendant has executed bond." Tenn. Code Ann. § 29-18-130(b)(2)(A) (emphasis added). The rest of the statute remains substantively the same.

Plaintiffs contend that the new language means that "the failure to post the possession bond is fatal to the appeal." But we find that the 2024 amendment is immaterial to the present case and that the reasoning in *Johnson* still applies. In *Johnson*, the Court explained its decision as follows:

The plain language of section (b)(2). . . presumes that the tenant has retained possession of the premises. Under this section, if a tenant appeals a judgment for a landlord, she must post a bond for "one (1) year's rent of the premises, conditioned to pay all costs and damages accruing from the failure of the appeal, including rent and interest on the judgment as provided for herein." The plain language of section (b)(2) refers to damages that "accru[e]" "from the failure of the appeal," with reference specifically to "rent." The natural and ordinary meaning of the language as written refers to "rent" that the tenant is "accruing" while the appeal is pending. However, rent can be accruing against the tenant during the appeal only if the tenant has remained in possession of the property; a tenant cannot be held liable for rent if she is not in possession of the property.

Thus, the plain language of section (b)(2) requiring the posting of a bond equal to one year's rent is based on the premise that the tenant remains

- 4 -

in possession of the property **during the appeal**. This reading of the statute's plain language is reinforced by another portion of section (b)(2), which states that the "[landlord] shall not be required to post a bond to obtain possession **in the event the [tenant] appeals without complying with this section**," i.e. without posting the bond. The ordinary and plain meaning of this language indicates that the landlord has not "obtain[ed] possession" of the premises and that the entirety of section (b)(2) applies to situations where the landlord has not regained possession of the premises. Specifically, this portion of section (b)(2) relieves the landlord of the obligation of posting the bond prescribed in section (b)(1), which is ordinarily necessary to regain possession, and **allows the landlord to regain possession immediately if the tenant in possession fails to post a bond of one year's rent when appealing a judgment for the landlord**.

The language of section 29-18-130(b)(2), which contemplates that a tenant may appeal without posting bond, indicates that the bond is not jurisdictional but rather is non-jurisdictional and **designed to stay the landlord's writ of possession**. . . .

Our reading of the plain language of section 29-18-130(b)(2) as prescribing a non-jurisdictional bond requirement for staying the writ of possession pending appeal is also harmonious and consistent with the plain language of Tennessee Rule of Civil Procedure 62.05, which relates to the same subject—bonds required to secure a stay pending appeal. . . . Rule 62.05 states plainly that when an appeal is taken from a judgment "ordering the . . . possession of personal or real property," the bond to secure a stay pending appeal shall "secure obedience of the judgment and payment for the use, occupancy, detention and damage or waste of the property from the time of appeal until delivery of possession of the property and costs on appeal." Tenn. R. Civ. P. 62.05(2) . . . . Where real property is concerned, Rule 62.05 requires a bond in an amount sufficient to cover rent and waste to the property only "until delivery of possession of the property." *Id.* Once possession of the property has been relinquished, Rule 62.05 does not require that the bond include an amount sufficient to cover rent of the property during an appeal.

Reading section 29-18-130(b)(2) together with Rule 62.05, as we are required to do, we conclude that the plain language of the statute merely supplements the general language of the rule by specifying the precise amount of rent (one year's rent) that is sufficient for the bond **when a tenant in an unlawful detainer action wishes to retain possession of property pending an appeal**.

In light of section 29-18-130(b)(2)'s plain references to "accruing," "rent," and a landlord who has not yet "obtain[ed] possession" of the

premises, and as a consequence of reading the statute harmoniously with Tennessee Rule of Civil Procedure 62.05, we conclude that Tennessee Code Annotated section 29-18-130(b)(2) prescribes the non-jurisdictional appeal bond **required only of a tenant who has retained possession of the premises and wishes to stay execution of a landlord's writ of possession pending appeal**.

*Johnson*, 432 S.W.3d at 848–50 (emphasis omitted) (emphasis added) (footnote omitted).

Here, the Circuit Court found that Mr. Finchum was still in possession of the Property. Mr. Finchum disputes this fact. Regardless, as the Court held in *Johnson*, a possession bond is "required only of a tenant who has retained possession of the premises **and** wishes to stay execution of a landlord's writ of possession pending appeal." *Id*. at 850. Mr. Finchum did not seek to stay execution of Plaintiffs' writ of possession. Thus, Plaintiffs had the right to immediately execute the writ, *see id*. at 849, and remove any remaining personal property, *see* Tenn. Code Ann. § 29-18-127 (stating that a writ of possession authorizes the county sheriff to remove the tenant from the property, after which the landlord may remove the tenants' personal property).

For these reasons, we respectfully disagree with the trial court's conclusion that Mr. Finchum's failure to post a possession bond deprived the Circuit Court of subject matter jurisdiction.

## II. AFFIDAVIT OF INDIGENCY

Even if Mr. Finchum's failure to post a possession bond was not fatal to his appeal, Plaintiffs contend that the Circuit Court lacked subject matter jurisdiction because Mr. Finchum did not sign the affidavit of indigency he filed with his notice of appeal. [2] We agree.

To perfect an appeal from the general sessions court to the circuit court, an appellant must file a cost bond or "take the oath for poor persons." Tenn. Code Ann. § 27-5-103(a).

---

[2] Mr. Finchum contends that Plaintiffs waived this argument by not raising it in the trial court. "Issues related to subject matter jurisdiction, however, are not subject to waiver." *In re Baby*, 447 S.W.3d 807, 837 (Tenn. 2014). "[A]n appellate court *must* consider subject-matter jurisdiction, regardless of whether that issue was presented by the parties or addressed below" *State v. Bristol*, 654 S.W.3d 917, 926–27 (Tenn. 2022). "Additionally, the lack of subject matter jurisdiction 'is so fundamental that it requires dismissal whenever it is raised and demonstrated' even if raised for the first time on appeal." *Freeman v. CSX Transp., Inc.*, 359 S.W.3d 171, 176 (Tenn. Ct. App. 2010) (quoting *First Am. Tr. Co. v. Franklin-Murray Dev. Co., L.P.*, 59 S.W.3d 135, 141 (Tenn. Ct. App. 2001)); *see* Tenn. R. App. P. 13 **(**"Review generally will extend only to those issues presented for review. The appellate court shall also consider whether the trial and appellate court have jurisdiction over the subject matter, whether or not presented for review . . . .").

The "oath for poor persons" referenced in § 27-5-103(a) appears in Tennessee Code Annotated § 20-12-127, which states:

> (a) Any civil action may be commenced by a resident of this state without giving security as required by law for costs and without the payment of litigation taxes due by:
>
> (1) Filing the following oath of poverty:
>
> > I, _____, do solemnly swear under penalties of perjury, that owing to my poverty, I am not able to bear the expense of the action which I am about to commence, and that I am justly entitled to the relief sought, to the best of my belief;
>
> and
>
> (2) Filing an accompanying affidavit of indigency as prescribed by court rule.

Tenn. Code Ann. § 20-12-127(a).

The Tennessee Supreme Court has prescribed the affidavit of indigency in Tennessee Supreme Court Rule 29, which states that the affidavit is to be used in civil cases filed in accordance with Tennessee Code Annotated § 20-12-127. The form prescribed by Rule 29 provides in relevant part:

> I, _____, having been duly sworn according to law, make oath that because of my poverty, I am unable to bear the expenses of this case and that I am justly entitled to the relief sought to the best of my belief. The following facts support my poverty.
>
> .    .    .
>
> I hereby declare under the penalty of perjury that the foregoing answers are true, correct, and complete and that I am financially unable to pay the costs of this action.
>
> _____
> PLAINTIFF

Tenn. Sup. Ct. R. 29.

Filing an appeal bond or pauper's oath "is not merely a formality but rather a necessity; without it, the appeal cannot be perfected." *Johnson*, 432 S.W.3d at 849. Thus, "[i]n the absence of a **properly executed** pauper's oath or bond . . . , the circuit court does

not gain jurisdiction over the appeal." *Tubwell v. City of Memphis*, 413 S.W.3d 77, 80 (Tenn. Ct. App. 2013) (emphasis added) (citing Tenn. Code Ann. §§ 27-5-103 and -105). "An oath is not a mere technicality. Where it is required, an oath cannot be waived by the court." *Storey v. Nichols*, 49 S.W.3d 288, 290 (Tenn. Ct. App. 2000) (citing *Pulaski Lumber Co. v. Harpeth S., Inc.*, 501 S.W.2d 275 (Tenn. 1973)).

Here, Mr. Finchum filed a document titled "Uniform Affidavit of Indigency" that purportedly listed his income, expenses, assets, and debts. But the document was not verified much less signed. *See In re Kierani C.*, No. W2020-00850-COA-R3-PT, 2021 WL 4057222, at *12 (Tenn. Ct. App. Sept. 3, 2021) (concluding that affidavit was not completed under oath when it was not notarized). Thus, Mr. Finchum did not file a properly executed pauper's oath. Accordingly, the Circuit Court never gained jurisdiction.[3]

## IN CONCLUSION

The judgment of the trial court is affirmed. Costs of appeal are assessed against the appellant, William Chad Finchum.

_____
FRANK G. CLEMENT JR., P.J., M.S.

---

[3] We may affirm the dismissal order on different grounds if the trial court reached the correct result. *See City of Brentwood v. Metro. Bd. of Zoning Appeals*, 149 S.W.3d 49, 60 n.18 (Tenn. Ct. App. 2004).